UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMARJEET S.,[1]<br>Petitioner,<br>v.<br>KRISTI NOEM, et al.,<br>Respondents. | No. 1:26-cv-00559-TLN-EFB<br>**ORDER** |

This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus. (ECF No. 1.) The Court previously granted Petitioner's Motion for Temporary Restraining Order ("TRO") and ordered his immediate release. (ECF No. 5.) Thereafter, the Court issued a Preliminary Injunction continuing the terms of the TRO. (ECF No. 10.) The Court ordered Respondents to show cause why the Court should not grant the habeas petition and enter judgment in favor of Petitioner. (ECF No. 12.) The parties rested on the record. (ECF Nos. 7, 9.)

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner who demonstrates their custody violates the Constitution or federal law. 28 U.S.C. § 2241(c)(3). The district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

Petitioner is a noncitizen who entered the United States without admission on March 18, 2019. (ECF No. 1.) Around July 2, 2019, immigration authorities released Petitioner on bond. (*Id.*) Over the last six years, Petitioner has resided in the United States and complied with the conditions of his release. (*Id.*) He has no criminal record. (*Id.*) On December 2, 2025, Petitioner was detained during a routine ICE appointment, while he was living in the country. (*Id.*) Petitioner was detained without notice or a hearing as to his detention. (*Id.*)

Petitioner claims his civil immigration detention violated the Fifth Amendment Due Process Clause.[2] (*Id.*) Respondents argue Petitioner was subject to mandatory detention under 8 U.S.C. § 1225(b)(1). (ECF No. 7.)

For the same reasons set forth in the Order issuing a preliminary injunction (ECF No. 10), the Court finds Petitioner possesses a protected liberty interest and he was denied the process necessary to ensure any deprivation of that interest accords with the Constitution. *See Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). The record in this case establishes that Petitioner developed a clear interest in his continued freedom protected by the Due Process Clause due to the government's prior release of Petitioner and the years he lived freely in this country before his recent detention. Even if he is subject to removal or his freedom could be revoked by statute, that interest is still protected by the Due Process Clause. *See Hernandez v. Sessions*, 872 F.3d 976, 997 (9th Cir. 2017); *Zadvydas*, 533 U.S. at 693. Accordingly, the Court finds Petitioner maintains a clear interest in his continued liberty protected by the Due Process Clause.

---

[2] As the Court finds Petitioner is entitled to habeas relief on his Fifth Amendment procedural due process claim, the Court declines to address Petitioner's additional claims in favor of judicial economy.

Upon consideration of the three factors set forth in *Mathews v. Eldridge*, also set out in the Court's Order issuing a preliminary injunction (ECF No. 10), the Court finds Petitioner was owed notice and a pre-deprivation hearing before a neutral decisionmaker to determine whether his detention was justified. 424 U.S. 319, 335 (1976); *see Julio Fernando R.P. v. Andrews*, No. 1:26-CV-05547-TLN-CSK, 2026 WL 2137758, at *2 (E.D. Cal. July 24, 2026) (analyzing the *Mathews* factors and finding similarly). Having received neither, Petitioner's detention violated the Fifth Amendment Due Process Clause.

Accordingly, IT IS HEREBY ORDERED:

1. The Petition for Writ of Habeas Corpus is GRANTED. (ECF No. 1.)

2. Respondents' Motion to Dismiss is DENIED. (ECF No. 7.)

3. Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with statutory and constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral factfinder where Respondents demonstrate by clear and convincing evidence that the government's interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention such that no alternative to detention can mitigate flight risk. *See Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990. At any such hearing, Petitioner shall be allowed to have counsel present. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

4. The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

DATED: September 1, 2026

Troy L. Nunley
Chief United States District Judge